**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| MICHAEL MCGEE, on behalf of himself and all others similarly situated, )))) | |
| Plaintiff, )) | |
| ) | 2:17-cv-00045 |
| vs. )) | |
| ARS NATIONAL SERVICES, INC., )))) | |
| Defendant. ) | |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Michael McGee brings this action to secure redress from unlawful credit and collection practices engaged in by defendant ARS National Services, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt

collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. Specifically, plaintiff alleges that ARS National Services, Inc. systematically engaged in collecting time-barred debts and offering settlements of such debts, without disclosing that they are time-barred.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

9. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications and activities impacted plaintiff within this District;

   b. Defendant does business within this District.

## PARTIES

10. Plaintiff is an individual who resides in Munster, Indiana.

11. Defendant ARS National Services, Inc. ("ARS") is a California corporation with its principal place of business located at 201 W. Grand Ave., Escondido, CA, 92025. It does business in Indiana. Its registered agent and office is Corporation Service Company, 251 East Ohio Street, Suite 500, Indianapolis, IN, 46204.

2

12. ARS operates a collection agency, using the mails and telephone system to collect debts owed to others and incurred for personal, family or household purposes.

13. ARS states on its web site that it "is a proven leader in the accounts receivable management industry", "[w]orking with customers in all 50 states, through 5 regional offices throughout the United States." (http://www.arsnational.com/)

14. ARS is a "debt collector" as defined in the FDCPA.

## FACTS

15. ARS has been attempting to collect from plaintiff a deficiency balance on a retail installment contract for the sale of a motorcycle, obtained for personal, family or household purposes and owed to Harley-Davidson Financial Services.

16. On December 7, 2016, ARS sent plaintiff the collection letter attached as <u>Exhibit A</u>, offering a settlement of the debt.

17. Plaintiff had defaulted on the contract no later than 2011, as a result of becoming disabled.

18. The motorcycle was repossessed and sold prior to February 1, 2012.

19. No payments were made after that date.

20. The debt went into default more than 4 years prior to December 7, 2016.

21. The statute of limitations applicable to the collection of auto retail installment contract and lease debts is four years under the Uniform Commercial Code, Ind. Code §§ 26-1-2-725 and 26-1-2A-506.

22. Section 2-725 of the UCC, applicable to retail installment contracts, provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ."

3

23. Section 2A-506 of the UCC, applicable to leases, provides: "An action for default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued. . . ."

24. Most states have enacted the standard Uniform Commercial Code statute of limitations and have held that it applies to an action to recover the money owed under a contract for the sale of goods. *Massey-Ferguson Credit Corp. v. Casaulong*, 62 Cal. App. 3d 1024, 133 Cal. Rptr. 497 (1976); *Jack Heskett Lincoln-Mercury v. Metcalf,* 158 Cal. App. 3d 38; 204 Cal. Rptr. 355 (1984); *Worrel v. Farmers Bank of Delaware*, 430 A.2d 469 (Del. 1981); *First Hawaiian Bank v. Powers*, 93 Haw. (App.) 174, 998 P.2d 55, 67 (2000); *Citizens National Bank of Decatur v. Farmer*, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Fallimento C.Op.M.A. v. Fischer Crane Co.*, 995 F.2d 789 (7th Cir. 1993) (Illinois law); *Barnes v. Community Trust Bank,* 121 S.W.3d 520 (Ky. App. 2003); *Scott v. Ford Motor Credit Co.*, 345 Md. 251, 691 A.2d 1320 (1997); *D.A.N. J.V. III v. Clark*, 218 S.W.2d 455 (Mo.App. 2006); *Mobile Discount Corp. v. Price*, 99 Nev. 19, 656 P.2d 851 (1983); *Associates Discount Corp. v. Palmer*, 47 N.J. 183, 219 A.2d 858 (1966); *Ford Motor Credit Co. v. Arce*, 348 N.J.Super 198 (App. Div. 2002); *First National Bank v. Chase*, 118 N.M. 783, 887 P.2d 1250 (1994); *Matter of Village of Scarsdale v New York City Water Bd.*, 33 A.D.3d 1011, 824 N.Y.S.2d 325 (2nd Dept. 2006); *Wuhu Import & Export Corp. v. Capstone Capital, LLC*, 39 A.D.3d 314; 834 N.Y.S.2d 129 (1st Dept. 2007); *Herba v. Chichester*, 301 A.D.2d 822, 823, 754 N.Y.S.2d 695 (3rd Dept. 2003); *Alice A. Baker, Inc. v. Norton*, 192 Misc. 2d 511; 747 N.Y.S.2d 146 (Sup.Ct. Rensselaer Co. 2002); *Bluefin Wear, Inc. v Tuesday's Child Boutique, Inc.,* 13766/10, 33 Misc. 3d 1233A; 2011 N.Y. Misc. LEXIS 5817; 2011 NY Slip Op 52231U (Sup.Ct. Kings Co. Dec. 14, 2011); *May Co. v. Trusnik*, 54 Ohio App.2d 71,

4

375 N.E.2d 72 (Ohio App. 1977); *Gimbel Bros., Inc. v. Cohen*, 46 Pa. D. & C.2d 747, 6 UCC Rep. Serv. 803 (C.P 1969); *Action Management Inc. v. Fratello*, 46 Pa. D. & C.4th 139 (C.P. 2000)*; Industrial Valley Bank v. Sharpe*, 15 Pa. D. & C.3rd 506 (C.P. 1980); *First National Bank v. Keefer*, 76 Pa. D. & C. 4th 233 (C.P. 2005); *Ideal Builders Hardware Co. v. Cross Constr. Co.*, 491 S.W.2d 228 (1972); *DaimlerChrysler Servs. N. Am., LLC v. Quimette*, 175 Vt. 316, 830 A.2d 38 (2003).

25. Hereinafter, the District of Columbia and the 40 states other than Louisiana, Colorado, Iowa, Michigan, Mississippi, Nevada, North Carolina, Oklahoma, Oregon, South Carolina, and Wisconsin are referred to as the "applicable jurisdictions."

26. An assignee takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment. *Ertel v. Radio Corp. of America,* 261 Ind. 573, 307 N.E.2d 471 (Ind. 1974).

27. ARS regularly offers to settle auto retail installment contract and lease debts in the applicable jurisdictions that are more than four years old.

28. ARS's policy and practice, when seeking to settle debts which are no longer judicially enforceable, is not to disclose the fact that they are not judicially enforceable.

## COUNT I – FDCPA

29. Plaintiff incorporates paragraphs 1-28.

30. Nothing in <u>Exhibit A</u> disclosed that the debt could no longer be collected by means of a lawsuit or that the statute of limitations had run.

31. It is the policy and practice of ARS to cause the sending of letters seeking to collect debts that can no longer be collected by means of a lawsuit because the statute of limitations has run and do not disclose that fact.

5

32.     The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

33.     In early 2012, the FTC entered into a consent decree with Asset Acceptance, then one of the largest debt buyers in the United States and now part of larger debt buyer Encore Capital Group, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D. Fla.).

34.     On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

35.     On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-

6

12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a debt that is barred by the statute of limitations without disclosing that the debt was time barred.

36. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

37. Courts have also held that the failure to disclose that a debt is time-barred debt is misleading. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

38. ARS engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), by sending consumers letters, such as Exhibit A, seeking to collect on time-barred debts without disclosure of that fact.

39. Section 1692e provides:

> **§ 1692e.   False or misleading representations [Section 807 of P.L.]**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> **(2)   The false representation of--**
>
> **(A)   the character, amount, or legal status of any debt; . . .**
>
> **(5)   The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

7

## CLASS ALLEGATIONS

40. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

41. The class consists of (a) all individuals in one of the applicable jurisdictions (b) to whom a letter was sent on behalf of ARS National Services, Inc., to collect a debt, ( c) which debt was an auto retail installment contract or lease debt on which the last payment or activity had occurred more than four years prior to the letter, (d) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

42. On information and belief, based on the use of a form letter to collect a debt from plaintiff, and the fact that debts are normally purchased, sold and placed in portfolios of debts of like nature and vintage, the class is so numerous that joinder of all members is not practicable.

43. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether a letter seeking to collect a time-barred debt violates the FDCPA.

44. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

45. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

46. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

  b. Members of the classes are likely to be unaware of their rights;

  c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against ARS for:.

  i. Statutory damages;

  ii. Any actual damages incurred by class members, including all amounts paid on time-barred debts;

  iii. Attorney's fees, litigation expenses and costs of suit;

  iv. Such other and further relief as the Court deems proper.

      s/ Daniel A. Edelman
      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\33578\Pleading\Complaint_Pleading.wpd

9

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)